# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

JS 6

| Case No. | EDCV 14-2633 DSF (SPx) | Date | 2/3/15 |
|---|---|---|---|
| Title | Garrett Trapp v. Wal-Mart Stores, Inc. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge | |
|---|---|---|
| Debra Plato | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**       (In Chambers) Order REMANDING Case to State Court


As noted in the Court's order to show cause, this case was removed from state court based on federal question and diversity jurisdiction. The federal question argument has no merit. See Wander v. Kaus, 304 F.3d 856, 858-60 (9th Cir. 2002); Kohler v. Southland Foods, Inc., 459 F. App'x 617, 618 (9th Cir. 2011) (Wander remains valid in light of Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)); Martinez v. Del Taco, Inc., 252 F. App'x 148 (9th Cir. 2007) (same).

Defendant was further ordered to show cause why Plaintiff's claim requires "multiple intrusive changes to the construction and layout" of the store at issue where Plaintiff complains of a lack of a parking space with an 8-foot access aisle. (See Compl. ¶ 8.) Defendant was further ordered to show cause why any "intrusive changes," plus reasonable attorney's fees, might be expected to amount to more than $75,000.[1]

Defendant's response is highly unconvincing. Defendant's counsel, without further support, asserts that the entire parking lot would have to be completely redesigned – including landscaping and drainage – due to Plaintiff's demand for an access aisle that comports with state law. (Bournazian Decl. ¶ 5.) This is implausible, to say the least, and defense counsel is certainly not qualified to opine on the matter. Defendant further

---

[1] The Court charitably took judicial notice that Defendant's principal place of business is in Arkansas as that essential piece of information was not included in the notice of removal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

JS 6

attaches what is apparently a plan for the remodeling of a public parking lot in Los Altos, California.  There is no showing that this plan has anything to do with fixing the kind of problems identified by Plaintiff or that the Los Altos parking lot bears any similarity to the Wal-Mart parking lot at issue.

Defendant has failed to establish that the amount in controversy exceeds $75,000. The case is REMANDED to the Superior Court of California, County of Riverside. Defense counsel is on notice that future removals as baseless as this one may result in sanctions.

IT IS SO ORDERED.